**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

ROGER W. TAYLOR,
<u>Plaintiff-Appellant,</u>

v.

KENNETH S. APFEL, COMMISSIONER OF
SOCIAL SECURITY,
<u>Defendant-Appellee.</u>

No. 98-1744

Appeal from the United States District Court
for the Northern District of West Virginia, at Elkins.
David L. Core, Magistrate Judge.
(CA-97-74-2)

Submitted: November 10, 1998

Decided: December 29, 1998

Before ERVIN, NIEMEYER, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Kathryn M. Schuppener, Elkins, West Virginia, for Appellant. James
A. Winn, Chief Counsel, Region III, Patricia M. Smith, Deputy Chief
Counsel, Nicholas Cerulli, Assistant Regional Counsel, Office of the
General Counsel, SOCIAL SECURITY ADMINISTRATION; Wil-
liam D. Wilmoth, United States Attorney, Helen Campbell Altmeyer,
Assistant United States Attorney, Wheeling, West Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

This case arises from a denial of Social Security benefits. On May 5, 1993, Roger W. Taylor (Taylor), a forty-two year old male, filed an application for disability alleging disability due to neck problems following a car accident. Taylor has a tenth grade education, served in the Marine Corps for two years, and has relevant work experience as a laborer, a venetian blind maker, an equipment operator for a landscaper, a cabinet maker, and a maintenance assistant.

The application was denied and after a hearing on June 7, 1996, an Administrative Law Judge (ALJ) found that Taylor: (1) had not engaged in substantial gainful activity between January 1, 1993, the time of his alleged onset of disability, and December 31, 1994, when his insured status expired; (2) had severe back and arm problems; (3) did not meet or equal any impairment found in Medical Listing 1.05C; (4) was prevented from performing his past relevant work; and (5) had the residual functional capacity to perform sedentary work if he were not required to look up, tilt or turn his head, or reach overhead. Further, a vocational expert testified that given these limitations there was work in the national economy that Taylor could perform, and thus, the ALJ found him not disabled.

The Appeals Council declined Taylor's request to review the ALJ's decision, thereby making the ALJ's decision the final decision of the Commissioner. See 20 C.F.R. § 404.981 (West 1998). Taylor then filed a civil action seeking review of the denial of the benefits. Both parties consented to exercise of jurisdiction by a magistrate judge under 28 U.S.C. § 636(c)(1). The magistrate judge denied Taylor's motion for summary judgment, granted the Commissioner's motion for summary judgment, and affirmed the Commissioner's final decision to deny Taylor benefits. This appeal followed.

2

This Court must determine whether the Commissioner's findings are supported by substantial evidence, see Richardson v. Perales, 402 U.S. 389, 390, 401 (1971), and whether the correct legal standards were applied. See Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is that evidence which "a reasonable mind might accept as adequate to support a conclusion." Perales, 402 U.S. at 401. The ALJ bears the ultimate responsibility for weighing the evidence and resolving its conflicts. See Hays, 907 F.2d at 1456. Taylor attributes the following errors to the Commissioner's decision: (1) the ALJ's finding that his impairments did not meet or equal the impairments found in Medical Listing 1.05C is not supported by substantial evidence; (2) the ALJ failed to apply the proper standard when assessing his pain; and (3) the ALJ failed to make adequate credibility findings. Based on these alleged errors, Taylor asserts that the Commissioner's decision was not supported by substantial evidence.

We have reviewed the record, briefs, and pertinent case law in this matter. Our review persuades us that the magistrate judge correctly found that the Commissioner's decision denying benefits is based on substantial evidence. Accordingly, we affirm on the reasoning of the magistrate judge. Taylor v. Apfel, No. CA-97-74-2 (N.D.W. Va. Apr. 17, 1998). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3